UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Edward Earl Wilkins, #244908, | ) | C/A No.: 2:07-cv-3317-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Darlington County; Darlington County Probation Dept. and Parole; Susan B. Climmons, Probation Officer; and Chris Kizner, Probation Officer; and Nickie NLN, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., and filed on October 11, 2007. Plaintiff filed this action on October 9, 2007, pursuant to 42 U.S.C. § 1983. The magistrate further recommends deeming this case a "strike" pursuant to 28 U.S.C. § 1915(g).

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which *specific objection* is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). This Court will only address the plaintiff's specific objections.

Plaintiff specifically objects that the magistrate erred by dismissing his complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous solely because it failed to state a claim under Rule 12(b)(6). He argues that what happened to him was not frivolous, therefore, this Court should not dismiss his complaint as such. The plaintiff's objection essentially states the Supreme Court's holding in *Nietzke v. Williams*, 490 U.S. 319 (1989). However, the magistrate did not dismiss the plaintiff's complaint because it was frivolous, rather because it failed to demonstrate that his past conviction or sentence had been invalidated, as required by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The magistrate went on to note that

the plaintiff attempted to sue immune parties for monetary damages to support his recommendation that the instant suit be deemed a strike for purposes of 28 U.S.C. § 1915(g).  The magistrate did not justify any of his recommendations on the complaint's arguable frivolity.  Therefore, the objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that it applies sound legal principles to the facts of the case.  Therefore, notwithstanding the objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed without prejudice and without issuance and service of process.  FURTHER IT IS SO ORDERED THAT this action be deemed a strike for purposes of the three strikes rule of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 6, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.